ARKANSAS STATE HIGHWAY COMMISSION
v. ROY HORTON CHEVROLET Co.

73-304                                    508 S.W. 2d 322

Opinion delivered April 29, 1974

*Thomas B. Keys* and *Kenneth R. Brock*, for appellant.

*Matthews, Purtle, Osterloh & Weber*, for appellee.

LYLE BROWN, Justice. This is an eminent domain case. Appellee is a corporation operating a Chevrolet dealership under franchise in Marshall. In widening U.S. Highway 65 appellant took a five foot strip entirely across the front of appellee's land, appellee's business fronting on the highway. The jury awarded $12,000 and appellant here contends that the verdict is not supported by substantial evidence.

The main building of appellee houses the offices, parts area, and service department. Before the taking there was approximately 26 feet between the front of the building and the edge of the right-of-way. The area in front of the building was

used for the purpose of openly displaying twelve to fifteen new cars. According to several witnesses testifying for the land-owner, there was before the taking ample room for display-ing those cars, even after allowance for shrubs in front of the building, an iron guard rail protecting the building, and a sidewalk. Those same witnesses testified that after the taking the only way cars could be parked in the area was to permit the front of the cars to protrude over on the highway proper-ty, with the right-of-way line coming just behind the left front wheels. The president of the corporation explained his view of the importance of a display area in front of the building, es-timating that the display was responsible for 75% of the sales. In addition to the loss of the display area, appellee con-tends that after construction the entrance to the service department by big trucks from the west side of the building has been effectively blocked.

Gene Lair, an experienced real estate broker, appraiser, and home builder, testified for appellee as an expert. He con-sidered the property to have a before-taking value of $111,500 and an after value of $78,000, a difference of $33,500. Inciden-tally, the before value figure was comparable to the before value figures fixed by appellant's two appraisers. Lair used two approaches in his before value, that being the cost ap-proach and the rental value. Then he estimated the overall damages to appellee's investment in the land and im-provements to be 30%. "After the taking, the use is limited and reduced by the fact that the west side of the building would be inaccessible and the display area will be practically useless."

Appellant argues with considerable force that Lair im-properly applied the 30% reduction in value to the land area behind the buildings which is not being utilized in the business and to the paint and body building located to the east of the main building. Appellant says there was no evidence that those components were damaged by the taking. The jury viewed the subject property. The award was $12,-000, which is slightly less than thirty percent of the depreciated value fixed on the main building. It is not un-reasonable to conclude that the jury actually agreed with appellant's argument and therefore restricted damages only to the main building.

Affirmed.